IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| VINCENT DEPAUL WILLIAMS, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-1962 |
| | § | |
| GICE OSTERMAN, ET AL., | § | |
| | § | |
| *Defendants*. | § | |

**ORDER OF DISMISSAL**

Vincent DePaul Williams, formerly a state jail inmate in custody of the Harris County Jail, proceeding *pro se* and impliedly *in forma pauperis*, filed this section 1983 lawsuit complaining of inadequate medical care. In compliance with the Court's order, plaintiff filed a more definite statement of the facts underlying his claims.

Based on a careful review of the complaint and the more definite statement pursuant to 28 U.S.C. § 1915A, the Court DISMISSES this lawsuit for the reasons shown below.

*Factual Background and Claims*

Plaintiff alleges that, from May 10, 2009, to July 14, 2009, while he was a state jail inmate in custody of the Harris County Jail on charges of unlawful possession of prescription drugs, jail physicians prescribed him medications different from those he received in the "free world." He further claims that they refused to give him narcotics for his "chronic pain" and improperly adjusted his insulin dosages. He became dizzy, had stomach discomfort and

anxiety, and developed cracks between his toes. He complains that medical staff were "stupid" and "lazy," badly organized, and "just treading water to get a pay check." Plaintiff admits in his complaint that many of his medical symptoms may have been related to his "detoxing from opiates" because the defendants refused to give him any narcotics. He suggests to the Court that, "If I'm too high maintenance for them, tell them to let me go."

Plaintiff seeks $2.5 million in damages for the inadequate medical care he received while in jail, and injunctive relief ordering jail physicians to provide him all the medications he received while in the free world.[1]

### *Analysis*

Under 28 U.S.C. § 1915(e)(2)(B), the Court may scrutinize the basis of the complaint and, if appropriate, dismiss the case if the lawsuit is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist. *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999).

---

[1]Because plaintiff was released from custody shortly after the filing of this lawsuit, his request for injunctive relief against the jail physicians is moot.

Plaintiff states that he was in custody as a state jail inmate. Accordingly, his claims are governed by the Eighth Amendment, and he must establish that the jail physicians were deliberately indifferent to his serious medical needs.[2] *Farmer v. Brennan*, 511 U.S. 825, 835 (1994). To establish the requisite deliberate indifference, plaintiff must show that the defendants had subjective knowledge of a substantial risk to his health, and that they responded with deliberate indifference to that risk. *See Jacobs v. West Feliciana Sheriff's Dep't*, 228 F.3d 388, 394 (5th Cir. 2000). That is, plaintiff must present evidence that the defendants refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for his serious medical needs. *See Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference is not the equivalent of negligence; deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer*, 511 U.S. at 835. It is not sufficient that the defendants should have known of a substantial risk; they must have actual knowledge of the risk and ignore it. In sum, plaintiff must prove that the defendants knew of and disregarded an excessive risk of injury to him, and that they were both aware of the facts from which the inference could be drawn that a substantial risk of serious harm existed, and that they drew that inference. *Id*. at 837.

---

[2] Assuming plaintiff were a pretrial detainee, his claims would be governed by the same standards of deliberate indifference, but under the Fourteenth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 650 (5th Cir. 1996).

For those reasons, evidence of unsuccessful medical treatment, negligence, neglect, or even malpractice is insufficient to demonstrate deliberate indifference. *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991); *see also Stewart v. Murphy,* 174 F.3d 530, 534 (5th Cir. 1999) ("[A]lthough inadequate medical treatment may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."); *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir. 1993) ("It is firmly established that negligent or mistaken medical treatment or judgment does not implicate the eighth amendment and does not provide the basis for a civil rights action.").

Plaintiff's pleadings establish that he received medical care while in the Harris County Jail; he did not, however, receive the type and level of care that *he* believed was necessary. This is insufficient to establish deliberate indifference. Nor is deliberate indifference shown by his jail physicians' failure to provide the same medications plaintiff received in the free world. *See Domino*, 239 F.3d at 756; *see also McCarty v. Zapata County*, No. 05-41718, 2007 WL 1191019, *2 (5th Cir. 2007). An inmate's dissatisfaction or disagreement with the medical treatment he received does not mean that he suffered deliberate indifference. *See Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Neither claims of negligence nor disagreement with the type of medical care received rise to the level of a constitutional issue under section 1983. *Gobert v. Caldwell*, 463 F.3d 339, 346 (5th Cir. 2006).

Plaintiff's pleadings show that he received medical attention, medications, and treatment as deemed necessary by his medical care providers. That this medical care did not

rise to the level deemed necessary by plaintiff's own estimate, was not of the type or nature he expected or requested, or may even have been negligent, is insufficient to raise an Eighth Amendment claim for deliberate indifference to his serious medical needs. Accordingly, plaintiff fails to state a claim for deliberate indifference to his serious medical needs.

## *Conclusion*

For these reasons, this lawsuit is DISMISSED WITH PREJUDICE under Section 1915A as frivolous and for failure to state a claim. Any and all pending motions are DENIED AS MOOT.

The Clerk will provide a copy of this Order to all parties; to the TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711; and to the Clerk of the United States District Court for the Eastern District of Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Three-Strikes List Manager.

Signed at Houston, Texas, on January 27, 2010.

_____
Gray H. Miller
United States District Judge